980 So.2d 15 (2008)
Jessica ANDERSON
v.
Barry ANDERSON, Mary Anderson, Louisiana Department of Social Services.
No. 07-CA-805.
Court of Appeal of Louisiana, Fifth Circuit.
February 6, 2008.
Writ Denied May 2, 2008.
Richard L. Ducote Attorney at Law, Metairie, Louisiana, for Plaintiff/Appellant.
James D. "Buddy" Caldwell, Attorney General, Lauren B. Bailey, Assistant Attorney General, Attorney General's Office, Louisiana Department of Justice, Baton Rouge, Louisiana, for Defendant/Appellee.
*17 Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
The Plaintiff, Jessica Anderson, appeals a jury verdict finding the Defendant, the State of Louisiana, Department of Social Services (DSS) was not liable for the damages she sustained from childhood abuse by her parents. We affirm.
The Defendant investigated numerous complaints that the Plaintiff was being abused by her parents from infancy until age 16 years. She was placed into the custody of the Defendant on four occasions. Each time, she was ordered returned to her home by a trial judge following contradictory hearings in which the parties were present, and the child represented by counsel.
In August of 1998, the emancipated 17-year-old Plaintiff filed suit against her parents, Barry and Mary Anderson, for fifteen years of severe physical and emotional abuse. She named the DSS as a Defendant, alleging it committed gross negligence by repeatedly returning the Plaintiff to her parents knowing she would continue to be abused, by failing to place her in a home other than with her parents, by failing to adequately investigate numerous reports of abuse and neglect and take proper protective measures, and failing to provide proper medical and psychological care while in the custody of DSS. A three-day jury trial was held in December 2004. Over the Plaintiff's objection, the jury was instructed that the Defendant is exempt from liability in the absence of gross negligence. The jury subsequently returned a verdict against the parents for $500,000, but relieved the Defendant of liability, finding that the Defendant was not grossly negligent in carrying out its duties to the Plaintiff.
On appeal, the Plaintiff asserts that the trial judge erred in instructing the jury that the Defendant could only be held liable for gross, rather than ordinary negligence.
In Todd v. State Through Dept. of Social Services, Office of Community Services, 96-3090, p. 8 (La.9/9/97), 699 So.2d 35, 39, the Louisiana Supreme Court held that the duty of a child protection caseworker and OCS is delineated by La. Ch. C. arts. 611 and 612, and by La. R.S. 9:2798.1. See: C.R.W. v. State, Dept. of Social Services, 05-1044, p. 9 (La.App. 1 Cir. 9/1/06), 943 So.2d 471, 480.
The pertinent provisions of La.R.S. 9:2798.1 B provide:
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
C. The provisions of Subsection B of this Section are not applicable:
* * *
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct. . . .
The Louisiana Children's Code exempts from liability the caseworker "who in good faith conducts an investigation, makes an investigative judgment or disposition, or releases or uses information contained in the central registry for the purpose of protecting a child." La.Ch.C. art. 611 A(2). The exemption does not apply to the principal, conspirators, or accessories to the abuse or neglect, or to anyone *18 making a false report. Ch.C. art. 612 B(1)(2).
La. Ch.C. art. 612 G states:
The Department of Social Services shall set priorities for case response and allocate staff resources to cases identified by reporters as presenting immediate substantial risk of harm to children. Absent evidence of willful or intentional misconduct or gross negligence in carrying out the investigative functions of the state child protection program, caseworkers, supervisors, program managers, and agency heads shall be immune from civil and criminal liability in any legal action arising from the department's decisions made relative to the setting of priorities for cases and targeting of staff resources.
The above statutes provide immunity to the Defendant for its policymaking or discretionary duties, in the absence of gross negligence.
The Plaintiff argues that the acts of the Defendant's employees were operational and not subject to the qualified immunity.
In Fowler v. Roberts, 556 So.2d 1, 15-16 (La.1989), the Louisiana Supreme Court defined discretionary for purposes of governmental immunity. It stated:
"[T]he discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow. In this event, the employee has no rightful option but to adhere to the directive." Berkovitz, 486 U.S. at 536, 108 S.Ct. at 1958-59, 100 L.Ed.2d at 540-41. If the employee had no discretion or choice as to appropriate conduct, there is no immunity. When discretion is involved, the court must then determine whether that discretion is the kind which is shielded by the exception, that is, one grounded in social, economic or political policy. If the action is not based on public policy, the government is liable for any negligence, because the exception insulates the government from liability only if the challenged action involves the permissible exercise of a policy judgment.
If there is no room for an official to exercise a policy judgment, the discretionary function exception does not bar a claim that an act was negligent. When the government acts negligently for reasons unrelated to public policy considerations, it is liable to those it injures. [Citations omitted.]
Decisions involving the removal of a child from his home lie within the scope of the duty and authority of social workers. Todd v. State Through Dept. of Social Services, Office of Community Services, 96-3090, p. 14 (La.9/9/97), 699 So.2d 35, 42. Since the workers must use personal deliberation and judgment as to the manner in which the investigation is conducted, their decisions are discretionary. Id.
In this case, we find that the investigative and placement decisions made by the Defendant are discretionary. Since the acts are discretionary, the qualified immunity statute applies. Thus, the trial judge did not err in instructing the jury that the Defendant could not be held liable without finding gross negligence.
Gross negligence has been defined as the want of even slight care and diligence, the want of that diligence which even careless men are accustomed to exercise, the entire absence of care and the utter disregard of the dictates of prudence, amounting to complete neglect of the rights of others, the extreme departure from ordinary care, or the want of even scant care. See: Ambrose v. New Orleans Police Amb. Serv., 93-3099, 93-3110, 93-3112, pp. 5-6 (La.7/5/94), 639 So.2d 216, 219-220 and *19 citations within. Willful, wanton, or reckless conduct has taken on the same meaning as gross negligence. Falkowski v. Maurus, 637 So.2d 522 (La.App. 1 Cir. 1993); Ambrose, 93-3099, 93-3110, 93-3112 at pp. 5-6, 639 So.2d at 219-220.
In this case, the DSS witnesses testified that they followed the law at the time, the goal of which was the safety of the child, but in so doing, the first concern was to rehabilitate the family. Termination of parental rights was reserved for the most heinous cases. Since then, following a change of legislative policy in 1997, the primary focus of the Defendant's involvement is the best interest of the child. The new policy sets out a time line for attempting family rehabilitation, the failure of which allows the Defendant to seek termination of parental rights.
The record shows that the first complaint of abuse occurred when the Plaintiff was 10 months old. Two months later, she was placed in foster care for three months. Thereafter over the years, she was placed three more times in foster care due to similar complaints of physical abuse, including starvation. The Plaintiff, the second child in a family of nine other children, was the only child to suffer the abuse. Dr. Joyanna Silberg, a child psychologist, explained the reason the other children were not abused is that the Plaintiff is the "target child" in the family. She is the scapegoat for the parents.
Over the years, the damage from the abuse caused the Plaintiff to act out violently, to rebel against going to school, and to engage in self-mutilation. The Plaintiff was returned to the home each time she was placed in foster care, following a hearing by a judge, over the objections of the Defendant.
Lillie Wilson, a child protection investigator assigned to the case for a few months in 1988, and Nadine Smith-Clark and Cynthia Bernard, Plaintiff's case workers, testified that the child should never have been returned to the home, but the three judges involved decided otherwise.
According to Wilson, Smith-Clark, and Bernard, from 1982 when the Plaintiff was one year old until she was sixteen, the Defendant investigated every complaint of abuse thoroughly. The Defendant's workers counseled the parents on parenting and made recommendations to help them control and direct their anger appropriately. The parents were uncooperative until 1989, at which time they began to institute the recommendations by the Defendant. The evidence shows that once the child was returned to the family, the Defendant conducted home visits and checked on her. Pursuant to policy, her file was closed for various periods of time when it appeared that the child was no longer being abused, and reopened with a new complaint.
Dr. Silberg, an expert clinical psychology, and Jacob Terpstra, an expert in child welfare, testified that the Defendant was negligent in overseeing the safety of the child by failing to follow general standards.
A reviewing court may not set aside a trial court's finding of fact in the absence of manifest error, or unless it is clearly wrong. Where there is conflict in the testimony, inferences of fact should not be disturbed upon review, even though the reviewing court may feel that its own evaluations and inferences are as reasonable. Linnear v. CenterPoint Energy Entex/Reliant Energy 06-3030, p. 11 (La.9/5/07), 966 So.2d 36, 44; Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Stobart v. State, through DOTD, 617 So.2d 880, 882 (La. 1993). Breach of duty and cause in fact are factual questions to be determined by *20 the factfinder. Linnear, 06-3030 at p. 11, 966 So.2d at 44.
The jury made credibility determinations and concluded that the Defendant was not grossly negligent. The evidence shows that the Defendant was intensely involved in the Plaintiff's life, and tried to prevent her from being returned to the home on several occasions. Given the policies in effect at the time and the evidence presented at trial, we find that the jury did not manifestly err in its conclusion that the Defendant was not grossly negligent.
Accordingly, the judgment of the trial court is hereby affirmed.
AFFIRMED.